Anthony J. Di Giovanna, J.
On February 4,1955 the 32-year-old plaintiff was so severely injured in an accident that he has since become completely incapacitated. As proof of his need, the moving papers set forth the fact that home relief has been granted to this plaintiff as of October 5, 1955. ' While this home relief certificate raises a presumption that plaintiff has complied with all of the resident requirements for obtaining relief, nevertheless, in this case, this presumption is destroyed by the facts set forth in the answering affidavit. The answering affidavit states that the defendant Lichtenburg is a resident of New Jersey and became a party to this action on April 14,1955; that the defendant Radio Corporation of America was joined as a party defendant on September 30, five months after the commencement of the action against the defendant Lichtenburg; that the accident occurred on Hutchinson River Parkway in Westchester County on February 4,1955; that the police reports concerning this accident state that on February 4 the plaintiff was a resident of 543 Garden Street, Hartford, Connecticut; that he owned an automobile which was registered in Connecticut and bore a Connecticut license; that the plaintiff’s operator’s license was likewise one issued by the State of Connecticut; that, at that time, plaintiff was employed at 551 Main Street, in Hartford, Connecticut, by one Jimmie Terrecy; that a notice of lien by the United Hospital in Port Chester, New York, lists *354 the plaintiff’s address as 543 Garden Street, Hartford, Connecticut, and indicates that the plaintiff was not discharged from the hospital until April 1, 1955; and that the plaintiff is a Jamaican, a British national, whose wife is now in England.
The plaintiff’s statement in paragraph 5 of his moving affidavit : “ I am a resident of the County of Kings, residing at 1353 Pacific Street, County of Kings, City and State of New York, and was a resident of Kings County at the time of the commencement of the within action ” is not a credible statement concerning the plaintiff’s alleged residence. To get relief, he must have told the welfare department that he had resided here for at least one year prior to October 5, 1955. The action against Lichtenburg was commenced on April 14, 1955, only 14 days after his discharge from the hospital whose records show that plaintiff was then a resident of Connecticut. That he moved into Kings County before the commencement of the action against Radio Corporation of America is a fact which can be inferred from his affidavit. The reply affidavit completely ignores the facts set forth in the answering affidavit but relies solely upon the proposition that the issuance of the certificate from the welfare department is conclusive as to the fact that the plaintiff was a resident for at least one year prior to the issuance thereof and further that the rule 9 of the Kings County Supreme Court Rules only requires that the plaintiff be a resident of Kings County at the time of the commencement of the action. We are not concerned here solely with an application pursuant to rule 9. We are concerned with the application for a preference pursuant to rule 151 of the Rules of Civil Practice which is quite another matter. A plaintiff who moves into Kings County for the purpose only of obtaining a quick trial herein is not a litigant who is entitled to the exercise of the court’s discretion in granting a preference pursuant to rule 151. It was never contemplated that rule 9 would extend such a right to litigants under such circumstances as exist in this case. However, because of the disabling nature of the plaintiff’s injuries and a probability that a complete proof of residence may be furnished, this court sets this case down for pretrial for February 23, at 2:00 p.m., at which time a.nd place the court will permit the parties to produce such other and further proof of residence as they may have. Meanwhile, this motion for a preference pursuant to rule 151 will be held in abeyance.
(Supplemental opinion.)
An application for a preference in the above-entitled matter was made on January 31 on the basis of facts set forth in the *355 plaintiff’s affidavit, namely, that he was injured on February 4, 1955 outside of New York City; that he receives relief from the welfare department of the City of New York and has applied to the said department for an additional allowance to pay rent because the landlord has indicated that he will not longer permit arrears of rent to pile up; that he is a resident of the County of Kings at a stated address. There is no question but that this plaintiff was and is a seriously injured man However, the answering affidavits showed beyond dispute that when this accident happened on February 4, 1955 the defendant was a resident of Connecticut, held an operator’s license of the State of Connecticut, owned an automobile registered in the State of Connecticut, told the police officers at the scene of the accident and afterwards that he was a resident of Connecticut; gave the several hospitals his Connecticut address as his place of residence; had employment in Hartford, Connecticut and had had it for a long period of time and that there was no evidence to sustain his claim that he was ever a resident of Kings County. The answering affidavits disclose that the action was commenced against Lichtenburg on April 14, 1955, who was a New Jersey resident; that on September 30,1955 the defendant Radio Corporation of America was brought into this action as a party defendant; that the relief was granted on October 5, 1955. It is the plaintiff’s contention now that this court is bound by the fact that relief was granted to this plaintiff and must accept the residence as stated by the plaintiff to the welfare authorities.
Before passing upon this motion, the court by memorandum dated February 6, 1955, directed the parties to appear at chambers for pretrial conference and further inquiry as to the residence of the plaintiff. One of the parties subpoenaed the records of the welfare department and by consent of both of the parties the records were left with the court for study. The form M-640A “ Request for Maximum Legal Rent Clearance ” shows an application made on February 2, 1956, 10 days after the plaintiff swore to the moving affidavit, wherein he claims that he kept a furnished apartment at a rental of $8 per week. The identifying data sheet shows that there is only one other person listed in that household, namely, Frederick Faulkner, the owner of the apartment, and comment written by someone is that he is “ giving room free.” The papers further show that the plaintiff has a wife living in England. The information given in the accompanying papers concerning this application for public assistance shows that he was employed in Connecticut before the accident and that he had had an accident in February, 1955 with an automobile which was uninsured; that the plaintiff *356 lives in the home of his friend, Mr. Faulkner, but does not pay rent and that his friend is making no claim for rent but merely wants him to pay for his food. The record of the interview on September 12, 1955 contains the information that the plaintiff is currently receiving medical attention from a Dr. Edward M. Wheeler, 21 Perdy Avenue, in Bye, New York, the doctor who took care of him in the hospital in Port Chester. The record of his various employments do not show any prior employment in this State. Subsequently, relief in a small amount was granted to the plaintiff on the basis of nonresidence. He was not given relief on the basis that he is a resident of this State but it was granted on the ground that he was a nonresident. The difference is that in the latter case it need not be proved that he was a resident of this State for one year prior to his application.
The plaintiff has submitted a memorandum of law from which he seeks, by analogy with other cases, the right to a preference. However, none of those cases is similar to this one.
It is clear to the court in this case that the plaintiff moved into this county for the purpose of getting a quick trial, if possible. The requirement in rule 9 that a plaintiff be a resident of the County of Kings at the commencement of the action must be construed from the circumstances in the light of reason. Buie 9 was never intended to permit nonresidents to move their cases into this county for the sole purpose of getting quick trials before Kings County juries. The court finds in its discretion that this application for a preference under rule 151 must be denied. Preference under rule 9 is granted, with some hesitation, only because of the seriousness of the injuries. Submit order.